United States District Court
Southern District of Texas
**ENTERED**
September 20, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FAIRPORT VENTURES, LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-21-2347 |
| § | |
| LORI LIANE LONG, IN HER CAPACITY § | |
| AS TRUSTEE FOR U.S. BANK § | |
| NATIONAL ASSOCIATION, ET AL.; § | |
| U.S. BANK NATIONAL ASSOCIATION, § | |
| ET AL., § | |
| § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER**

In June 2021, Fairport Ventures, LLC purchased real property in Fort Bend County, Texas, from Lake Ridge Community Association, Inc. at a foreclosure sale.[1] (Docket Entry No. 1-4 at ¶ 8). A few days later, U.S. Bank National Association and Lori Liane Long filed a Notice of Foreclosure Sale in Harris County, Texas, stating that the obligations under a November 2016 deed of trust for the property, executed by Gilbert R. Rasmus and Bernadette E. Black-Rasmus, were in default. (*Id.* at ¶ 9). Fairport Ventures alleges that the defendants "intend to foreclose the deed of trust lien, which is superior to [its] interest in the Property." (*Id.*).

In July 2021, Fairport Ventures sued the defendants in state court, seeking to stop the foreclosure sale. (Docket Entry No. 1-4). The state court issued an ex parte injunction, which the

---

[1] The property is specifically described as follows:

> LOT EIGHT (8), BLOCK FIVE (5) OF LAKE RIDGE, SECTION THREE (3), AN ADDITION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN FILM CODE NO. 543111, OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS, and is more commonly known as 19331 Camellia Knoll Trail, Houston, TX 77084.

(Docket Entry No. 1-4 at ¶ 7).

parties later agreed to extend. (Docket Entry Nos. 1-5, 1-8). The defendants answered, and U.S. Bank National Association removed the case to federal court and moved for judgment on the pleadings. (Docket Entry Nos. 1, 3).

### I. Removal Jurisdiction

"A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 722 (5th Cir. 2002); 28 U.S.C. § 1441. Federal courts have subject matter jurisdiction when the amount in controversy exceeds $75,000 and the parties are citizens of different states. 28 U.S.C. § 1332(a). Diversity cases "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.* § 1441(b)(2). Defendant Lori Liane Long, the named substitute trustee on the deed of trust for the property, is a Texas citizen. (Docket Entry No. 1-4 at ¶ 2; Docket Entry No. 1 at ¶ 12). The court does not have removal jurisdiction unless Long was improperly joined, in which case her "citizenship . . . is disregarded for purposes of determining diversity." *Marsh v. Wells Fargo Bank, N.A.*, 760 F. Supp. 2d 701, 705 (N.D. Tex. 2011) (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc)). The court may also disregard Long's citizenship if she is a "nominal" party. *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno*, 276 F.3d at 723.

The Fifth Circuit has "recognized two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Smallwood*, 385 F.3d at 573 (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). U.S. Bank National Association asserts only the

latter. To determine whether Fairport Ventures has established a cause of action against the non-diverse defendant, the court "conduct[s] a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* "A showing that the plaintiff's case is barred as to all defendants is not sufficient"; the plaintiff must be uniquely unable to establish a cause of action against the in-state defendant. *Id.* at 575.

Long is an improperly joined defendant. Fairport Ventures did not assert any cause of action against Long in its petition, and even if it had, its claims would fail. "[Texas Property Code] § 51.007(f) imposes a substantive pleading requirement on a plaintiff seeking to recover against a substitute trustee." *Williams v. Wells Fargo Bank*, No. H-13-825, 2014 WL 1024003, at *5 (S.D. Tex. Mar. 13, 2014) (quoting *Felder v. Countrywide Home Loans*, No. H-13-0282, 2013 WL 6805843, at *5 (S.D. Tex. Dec. 20, 2013)). Specifically, § 51.007(f) states that "[a] trustee shall not be liable for any good faith error resulting from reliance on any information in law or fact provided by the mortgagor or mortgagee or their respective attorney, agent, or representative or other third party." Tex. Prop. Code § 51.007(f). "[I]n order to satisfy § 51.007(f), a plaintiff must allege bad faith on the part of the substitute trustee named in the action." *In re Purported Lien or Claim Against Bond*, No. G-12-188, 2013 WL 1619691, at *3 (S.D. Tex. Mar. 22, 2013). A substitute trustee is improperly joined for purposes of diversity jurisdiction if the plaintiff failed to allege any bad faith action by the trustee. *Id.* (citing cases). Fairport Ventures did not allege any bad faith action by the substitute trustee.

Plaintiffs may also bring a claim for a substitute trustees' breach of "duty to 'act with absolute impartiality and fairness to the grantor in performing the powers vested in him by the deed of trust.'" *Marsh*, 760 F. Supp. 2d at 708 (quoting *Pou v. Brown & Shapiro*, No. 3:96-cv-

3

3364-D, 1997 WL 102470, at *2 (N.D. Tex. Feb. 27, 1997)).  This claim is unavailable to Fairport Ventures.  The "[b]reach of a trustee's duty under a deed of trust is not itself an independent tort. Instead, 'breach of this duty may be stated under Texas law as a claim for wrongful foreclosure.' A claim for wrongful foreclosure requires that the property in question be sold at a foreclosure sale." *Marsh*, 760 F. Supp. 2d at 708 (emphasis omitted) (quoting *Pou*, 1997 WL 102470, at *2); *see also Kew v. Bank of Am.*, H-11-2824, 2012 WL 1414978, at *6 (S.D. Tex. Apr. 23, 2012). Here, as in *Marsh*, the plaintiff "cannot state a claim for wrongful foreclosure because no foreclosure sale has occurred." *Id.*

Even if properly joined, Long is a "nominal" party.  Fairport Ventures seeks to enjoin all defendants from proceeding with the foreclosure sale.  "Texas law recognizes that a trustee named solely in his or her capacity as trustee under a deed of trust . . . is not a necessary party in a suit to prevent foreclosure." *Eisenberg v. Deutsche Bank Tr. Co. Ams.*, No. SA-11-CV-384-XR, 2011 WL 2636135, at *4 (W.D. Tex. July 5, 2011) (citing Tex. Prop. Code. § 51.007).  It is clear from the petition that this dispute is over U.S. Bank National Association's right to foreclose on the property. *Marsh*, 760 F. Supp. 2d at 710 (substitute trustee is not a necessary party because "in reality only the rights of Wells Fargo and/or U.S. Bank are in dispute.").   Fairport Ventures can obtain the relief it seeks without including Long. *Eisenberg*, 2011 WL 2636135, at *4.  The court may disregard her Texas citizenship. *See also Mendez v. Wells Fargo, N.A.*, No. SA-14-CV-326-XR, 2014 WL 1923056, at *2 (W.D. Tex. May 13, 2014) ("[I]n . . . state law foreclosure cases, courts routinely hold that the mere inclusion of a non-diverse trustee as a nominal party will not defeat diversity jurisdiction.").

The defendants have met their burden.  Whether because Long was improperly joined or because she is a nominal party, the court ignores her citizenship and retains jurisdiction.

4

## II.     The Motion for Judgment on the Pleadings

"A motion brought pursuant to Federal Rule of Civil Procedure 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). The Rule 12(c) standard is the same as that under Rule 12(b)(6). *Gentilello v. Rege*, 627 F.3d 540, 543–44 (5th Cir. 2010). Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Off.*, 530 F.3d 368, 372 (5th Cir. 2008). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677 (quoting *Twombly*, 550 U.S. at 555).

U.S. Bank National Association argues that it is entitled to judgment on the pleadings because the state-court petition seeks an injunction against the defendants but does not assert a cause of action that could support that relief. Although the petition states that the foreclosure would "impair [Fairport Ventures'] exclusive rights to the Property" and "constitute a violation or breach of [its] rights of quiet enjoyment of the Property," the petition also states that the defendants' lien is "superior" to Fairport Ventures' interest in the property. (Docket Entry No. 1-4 at ¶¶ 9, 15–16). The petition does not allege that the defendants are liable under state or federal

5

law. "[A] request for injunctive relief absent an underlying cause of action is fatally defective." *Thomas v. EMC Mortg. Corp.*, 499 F. App'x 337, 343 n.15 (5th Cir. 2012) (citing *Butnaru v. Ford Motor Co.* 84 S.W.3d 198, 204 (Tex. 2002)); *see also Hill v. Wells Fargo Bank, N.A.*, No. 12-11, 2012 WL 2065377, at *10 (S.D. Tex. June 6, 2012) ("A request for injunctive relief, absent a cause of action supporting the entry of a judgment, is fatally defective and does not state a claim." (quoting *Spady v. America's Servicing Co.*, No. H-11-2526, 2012 WL 1884115, *5 (S.D. Tex. May 21, 2012)).

The defendant's Rule 12(c) motion for judgment on the pleadings, (Docket Entry No. 3), is granted. Fairport Ventures' claims are dismissed, without prejudice and with leave to amend no later than **October 4, 2021**.

SIGNED on September 20, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge